WESTCHESTER TRUST COMPANY, Respondent, v. MARY E. HOLMES, Appellant. WALTER J. MOORE, Defendant.— Motion for stay granted, without costs. Present — Blackmar, P. J., Kelly, Jaycox, Kelby and Young, JJ.

WYKAGYL CONSTRUCTION COMPANY, INC., Appellant, v. MACBEAN & HUERSTEL, INC., Respondent.— Motion to dismiss appeal denied on condition that appellant perfect the appeal for the October term (for which term this case is set down) and be ready for argument when reached; otherwise, motion granted, with ten dollars costs. Present — Blackmar, P. J., Kelly, Jaycox and Kelby, JJ.; Young, J., not voting.

MICHELE AJELLO, Suing for Himself and for All Other Stockholders of the "MICHELE AJELLO CO., INC.," Who May Join Herein, etc., Respondent, v. MICHELE AJELLO, JR., and Others, Appellants.— Order modified so as to provide that no examination shall be had upon any subject necessarily involving testimony which tends to criminate the persons examined; and as so modified affirmed, without costs. No opinion. Blackmar, P. J., Rich, Kelly, Jaycox and Young, JJ., concur.

HUGO P. BANKERT and Others, Respondents, v. ALBERT SLEYMAN and Another, Appellants.— Order granting injunction *pendente lite* reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Order denying motion for judgment on the pleadings reversed on the law, with ten dollars costs and disbursements, and motion granted to the extent of directing a dismissal of the complaint, with the privilege to plaintiffs to serve an amended complaint on payment of costs within twenty days. The appeal from the order denying defendants' motion to strike out various allegations in the complaint, and affidavits, as scandalous, irrelevant and redundant, is dismissed, as this court has already directed a dismissal of the complaint. The appeal from the order denying defendants' motion under rule 102 of the Rules of Civil Practice is also dismissed for the same reason. The complaint seems to attempt the statement of a representative cause of action under section 90 of the General Corporation Law, but the allegations of the complaint do not show that plaintiffs are competent to maintain the action under such section. If there be any other cause of action which plaintiffs are attempting to set up, this court cannot perceive it. There is no cause of action to set aside the sale of the stock of plaintiffs Magella and DeMont to defendant Sleyman, although hinted at. We are of opinion that the complaint does not disclose a cause of action, and should be amended before the controversy is determined. Blackmar, P. J., Rich, Kelly, Jaycox and Young, JJ., concur.